### COMMONWEALTH vs. RICHARD BOYNTON.

A person may be convicted of being a common seller of intoxicating liquor, although he did not know or suppose the liquor sold by him to be intoxicating.

INDICTMENT against the defendant for being a common seller of intoxicating liquor. At the trial in the superior court, after certain sales of beer had been testified to, the defendant offered evidence to prove that the article sold was not intoxicating and that, if it were so, he had no reason to suppose that i was so, and bought it for beer which was not intoxicating, and did not believe it to be intoxicating; but *Brigham,* J. rejected the latter part of the evidence offered, and instructed the jury that if the defendant sold liquor which was intoxicating, as alleged, he might be found guilty, although he did not know or suppose that it was so. The defendant was convicted, and alleged exceptions.

*J. Q. A. Griffin,* for the defendant.

*Foster,* A. G., for the Commonwealth.

HOAR, J. The court are of opinion that the sale of intoxicating liquors in violation of the statute prohibition is not one of those cases in which it is necessary to allege or prove that the person charged with the offence knew the illegal character of his act; or in which a want of such knowledge would avail him in defence. If the defendant purposely sold the liquor, which was in fact intoxicating, he was bound at his peril to ascertain the nature of the article which he sold. Where the act is expressly prohibited, without reference to the intent or purpose, and the party committing it was under no obligatior to act in the premises, unless he knew that he could do so law fully, if he violates the law he incurs the penalty. The salutary rule, that every man is conclusively presumed to know the law, is sometimes productive of hardship in particular cases. And the hardship is no greater, where the law imposes the duty to ascertain a fact.

It could hardly be doubted that it would constitute no defence to an indictment for obstructing a highway, if the defendant could show that he mistook the boundaries of the way, and honestly supposed that he was placing the obstruction upon his own land. The same principle was applied in the case of bigamy, *Commonwealth* v. *Mash*, 7 Met. 472; and in the case of adultery, *Commonwealth* v. *Elwell*, 2 Met. 190.

*Exceptions overruled.*